UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
T. PATRICK FREYDL,                      :
                                        :
                    Plaintiff,          :
                                        :
          v.                            :
                                        :
JOHN C. MERINGOLO, MERINGOLO            :
& ASSOCIATES, P.C., and                 :
ANGELO CUOMO,                           :
                                        :
                    Defendants.         :
----------------------------------------x

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____               │
│ DATE FILED: 8/2/10          │
└─────────────────────────────┘
```

09 Cv. 7196 (BSJ)

**Opinion & Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On August 14, 2009, Plaintiff T. Patrick Freydl
("Plaintiff") filed this action against Defendants John C.
Meringolo and Meringolo & Associates, P.C. (the "Meringolo
Defendants"), and Defendant Angelo Cuomo ("Cuomo").  On
September 28, 2009, the Meringolo Defendants filed a Motion to
Dismiss Counts One, Two, Three, Four, Six and Seven of the
Complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P.
12(b)(6).  The Meringolo Defendants also filed a Motion for
Sanctions pursuant to Fed. R. Civ. P. 11.  For the reasons set
forth below, the Meringolo Defendants' Motion to Dismiss under
Fed. R. Civ. P. 12(b)(1) is dismissed without prejudice and with
leave to replead.  The Meringolo Defendants' Motion to Dismiss
under Fed. R. Civ. P. 12(b)(6) is granted in part and denied in

1

part.  The Meringolo Defendants' Motion for Sanctions is
deferred until the conclusion of this suit on the merits.

## Background[1]

Plaintiff, appearing pro se, is a resident of California
and a former attorney. (Compl. ¶¶ 1, 8.)   Defendants are
Meringolo & Associates, P.C., a New York law firm, John C.
Meringolo, a New York resident, as both an individual and as a
representative of the law firm, Meringolo & Associates, P.C.,
and Angelo Cuomo, a resident of New York and a client of
Meringolo & Associates, P.C.  (Id. ¶¶ 2-5.)

Beginning in 2005, Plaintiff assisted the Meringolo
Defendants in the representation of some of their clients,
including researching legal issues and drafting trial motions,
without receiving compensation. (Id. ¶¶ 10-11.)  As a result of
this relationship, "in or about mid-November 2008," Meringolo
"solicited Plaintiff to work for [Meringolo & Associates] . . .
which he agreed to do based on [Meringolo's] representations
that Plaintiff would be paid a stipulated fee and would be
further engaged if continuing representation" of a client
materialized. (Id. ¶ 16.)  Around December 1, 2008, when this
work concluded, the Meringolo Defendants hired Plaintiff for

---

[1] The facts in this section are taken from Plaintiff's Complaint
and are assumed to be true for the purposes of this Motion to
Dismiss only.

additional work for a stipulated fee, but deferred payment for the work already completed by Plaintiff. (Id. ¶ 18-19.)

In addition, Plaintiff also agreed to assist the Meringolo Defendants with their representation of an additional client. The Meringolo Defendants promised Plaintiff an "unconditional stipulated fee if he would commit to work on the defense" of one of their clients, Angelo Cuomo. (Id. ¶ 25.) Plaintiff fulfilled his obligations as part of this agreement and submitted drafts of documents, but the Meringolo Defendants did not use Plaintiff's drafts in their representation of Cuomo. (Id. ¶¶ 31-32.)

Beginning in early February, 2009, Plaintiff agreed to remain in New York and assist the Meringolo Defendants in their representation of another client and, in return, the Meringolo Defendants agreed to "compensate Plaintiff for his time and effort based upon a fee stipulated between the parties." (Id. ¶ 34.) Plaintiff remained in New York and delivered his preliminary pleadings to the Meringolo Defendants and others, but he never received compensation for his work on this project. (Id. ¶¶ 36-38.)

On August 14, 2009, Plaintiff filed this action against the Meringolo Defendants and Cuomo. Count One claims that Meringolo "intentionally and systematically made fraudulent representations of material fact from December, 2008 through

3

March, 2009" by agreeing to pay Plaintiff for his work when the
Meringolo Defendants never intended to compensate Plaintiff.
(Id. ¶ 41.)  This Count also alleges that these fraudulent
representations were made to induce Plaintiff to remain in New
York and work on behalf of the Meringolo Defendants and incur
expenses of $10,000. (Id. ¶¶ 41-42.)  He alleges damages of at
least $150,000 and also requests punitive damages. (Id. ¶¶ 45-
46.)

Count Two alleges that the Meringolo Defendants and Cuomo
conspired to defraud Plaintiff, based on the "fraudulent
representations" that the Defendants would pay Plaintiff for his
work on the representation of Cuomo. (Id. ¶¶ 48-50.)  He claims
damages of at least $150,000 and also requests punitive damages.

Counts Three, Four, Six and Seven relate to the Meringolo
Defendants' alleged breach of an agreement with Plaintiff.  All
four of these counts claim damages of an amount not less than
$150,000. (See id. ¶¶ 59, 63, 72, 76.)  Count Three alleges that
the Meringolo Defendants breached their contract with Plaintiff
by refusing to pay the agreed upon compensation. (Id. ¶¶ 54-59.)
Count Four alleges that the Meringolo Defendants breached New
York's implied covenant of good faith and fair dealing by
failing to fulfill their obligations to Plaintiff under the
agreement. (Id. ¶¶ 60-63.)  Count Six alleges that this Court
should "impose upon the parties a constructive contract

4

obligating" the Meringolo Defendants to pay Plaintiff for the unjust enrichment from Plaintiff's work. (Id. ¶¶ 70-72.) Count Seven alleges that the fair market value of Plaintiff's work product is owed to him under the principle of quantum meruit. (Id. ¶¶ 73-76.)

Count Five alleges that Cuomo "intentionally encouraged, induced, procured, and facilitated" the Meringolo Defendants to breach their obligations to Plaintiff. (Id. ¶ 67.) Plaintiff claims damages of $150,000 and requests punitive damages. (Id. ¶¶ 68-69.)

On September 28, 2009, the Meringolo Defendants filed a Motion to Dismiss Counts One, Two, Three, Four, Six and Seven of the Complaint under Fed. R. Civ. R. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). The Meringolo Defendants also filed a Motion for Sanctions pursuant to Fed. Rule Civ. P. 11.

Discussion

## 1. Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

As an initial matter, the Meringolo Defendants assert that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and lack of standing.

First, the Meringolo Defendants argue that this Court lacks subject matter jurisdiction over this suit. (Defs.' Br. at 4.) Plaintiff claims that subject matter jurisdiction is conferred

upon this Court under 28 U.S.C. 1332(a)(1). (Compl. ¶ 6.)  This Court has diversity subject matter jurisdiction pursuant to Section 1332(a)(1) if the parties are citizens of different states and if the amount in controversy in the litigation exceeds $75,000.  See 28 U.S.C. 1332(a)(1).  The parties do not contest diversity of citizenship, but the Meringolo Defendants argue that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. (Defs.' Br. at 5-7.)

In evaluating whether the amount in controversy meets the requirements of Section 1332(a), this Court "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 63 (2d. Cir. 1999).  "In order to rebut this presumption, the defendant must show that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (quoting Wolde-Meskel, 166 F.3d at 63).

There is "a high bar for overcoming this presumption" and "'[e]ven where [the] allegations leave grave doubt about the

6

likelihood of a recovery of the requisite amount, dismissal is not warranted.'" Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 397 (2d Cir. 2003) (quoting Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982)).

On the face of the Complaint, Plaintiff adequately pled the amount in controversy to confer subject matter jurisdiction upon this Court. "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdiction fact issues by referring to evidence outside of the pleadings. . . ." Zappia Middle East Constr. Co., Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 252 (2d Cir. 2000). While the Meringolo Defendants have attached several documents to their Motion to Dismiss pursuant to Rule 12(b)(1), they have not shown, to a legal certainty, that the amount in controversy is insufficient to confer jurisdiction pursuant to 28 U.S.C. 1332(a)(1). As a result, the Court dismisses the Meringolo Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction without prejudice and grants the Meringolo Defendants leave to replead pending discovery on the issue of the amount in controversy.

Secondly, the Meringolo Defendants argue that Plaintiff lacks standing to bring this suit. The Meringolo Defendants allege that any agreement which existed was between Plaintiff's

firm, Freydl & Associates, and Meringolo & Associates, P.C., and that no agreement existed between Plaintiff and John C. Meringolo as individuals, or between Plaintiff as an individual and Meringolo & Associates, P.C.  (Defs.' Br. at 5-7.) Plaintiff counters that the agreement was between Plaintiff as an individual and John C. Meringolo as an individual and as a representative of Meringolo & Associates, P.C.. (Pl.'s Opp'n at 25.)  Because material issues of fact exist as to the parties to any agreement, the Court cannot dismiss the Complaint for lack of standing at this time.  The Motion to Dismiss for lack of standing is dismissed without prejudice and the Court grants the Meringolo Defendants leave to replead pending discovery on the issue of standing.

2. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

The Meringolo Defendants also move to dismiss Counts One, Two, Three, Four, Six and Seven of the Complaint under Fed. R. Civ. P. 12(b)(6).  (Defs.' Br. at 2, 10.)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  To survive a motion to dismiss, a complaint must contain "enough

facts to state a claim to relief that is plausible on its face."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S. 2007).  "A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009).  A court
need not defer to sweeping and unsupported allegations and
conclusions of law in evaluating the sufficiency of a complaint.
See Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.
1996); First Nat'l Bank v. Gelt Funding Corp., 27 F.3d 763, 771-
72 (2d Cir. 1994).

       In deciding a 12(b)(6) motion, "[t]he issue is not whether
a plaintiff will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claims."  Villager
Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)
(quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36 (1974)).  Thus,
"the office of a motion to dismiss is merely to assess the legal
feasibility of a complaint, not to assay the weight of the
evidence which might be offered in support thereof."  Eternity
Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y., 375
F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616
F.2d 636, 639 (2d Cir. 1980)).

A. Fraud Claims - Counts One and Two

Plaintiff alleges two counts of fraud in his Complaint. In Count One, Plaintiff asserts that that Mr. Meringolo "intentionally and systematically made fraudulent representations of material fact" regarding Plaintiff's compensation. (Compl. ¶ 41.) Plaintiff asserts that Mr. Meringolo "never intended to fulfill the promises and covenants made to Plaintiff, but rather at all times intended to exploit Plaintiff's work . . . and cheat Plaintiff out of the monies which were and are lawfully due and owing him." (Id. ¶ 41.) Count Two alleges that the Meringolo Defendants and Cuomo "conspired, colluded and confederated to defraud Plaintiff of his services and property rights by soliciting his engagement to work . . . when in fact the co-conspirators never intended to honor their obligations to Plaintiff." (Id. ¶ 48.)

Claims alleging fraud are subject to a heightened pleading standard. See Fed. R. Civ. P. 9(b). A claim of fraud cannot be pled on "information and belief" except when the fraud allegations are based on "facts peculiarly within the opposing party's knowledge, in which event the allegations must be accompanied by a statement of the facts upon which the belief is based." DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (internal citations omitted). This exception "does not mean that those matters may be pled lacking any detail at all." Capital Asset Management, Inc. v.

10

Satinwood, Inc., 385 F.3d 159, 179 (2d Cir. 2004) (quoting DiVittorio, 822 F.2d at 1247). "Although Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the event which they claim give rise to an inference of knowledge." Devaney v. Chester, 813 F.2d 566,568 (2d Cir. 1987). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir. 1990) (internal citations omitted).

Plaintiff's Complaint recites the elements required to state a cause of action for fraud without providing the factual basis to support the legal conclusions contained in these claims. Plaintiff provides no factual basis to support his allegation that the Meringolo Defendants committed fraud or that the Meringolo Defendants and Cuomo conspired to commit fraud. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1940 (citing Twombly, 550 U.S. at 555). As

11

a result, the Meringolo Defendants' Motion to Dismiss Counts One and Two is granted.

## B. Interference with Contract Claim - Count Five

Count Five of Plaintiff's Complaint alleges that Defendant Cuomo interfered with the contract between Plaintiff and the Meringolo Defendants. Plaintiff states that "[n]otwithstanding his personal knowledge of Plaintiff's contractual rights, in or about February through April 2009, Defendant Cuomo intentionally encouraged, induced, procured, and facilitated The Meringolo Defendants' unlawful breach of their contractual obligations to the Plaintiff, including their affirmative obligation to compensate Plaintiff for the services rendered to and accepted by [The Meringolo Defendants]." (Compl. ¶ 67.)

There are no facts alleged in the Complaint that, when taken as true, would support an inference that Cuomo interfered with any contractual relationship between Plaintiff and the Meringolo Defendants. Plaintiff did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct., at 1949. Therefore, this Court dismisses Count Five sua sponte.

## C. Contract Claims - Counts Three, Four, Six and Seven

The Meringolo Defendants move to dismiss Plaintiff's claims relating to a contract between Plaintiff and the Meringolo

12

Defendants.  The Meringolo Defendants allege that Plaintiff
"failed to establish that there was a legally cognizable
agreement and/or breach by Mr. Meringolo, or damage or loss to
Plaintiff."  (Defs.' Br. at 14.)  Further, the Meringolo
Defendants allege that they did not breach an implied covenant
or contract.

However, Plaintiff has sufficiently pled each element of
these claims and the Complaint "contain[s] enough facts to state
a claim to relief that is plausible on its face."  Twombly, 550
U.S. at 570.  As a result, the Meringolo Defendants' Motion to
Dismiss Counts Three, Four, Six, and Seven under Fed. R. Civ. P.
12(b)(6) is denied.

3. Sanctions

In addition to the Motion to Dismiss, the Meringolo
Defendants submitted a Motion for Sanctions under Fed. R. Civ.
P. 11.  This Court defers judgment on the Motion for Sanctions
until the conclusion of the suit on the merits.

## Conclusion

For the reasons stated above, the Meringolo Defendants'
Motion to Dismiss (Docket #7) for lack of subject matter
jurisdiction and lack of standing pursuant to Fed. R. Civ. P.
12(b)(1) is dismissed without prejudice and with leave to
replead.  The Meringolo Defendants' Motion to Dismiss pursuant
to Fed. R. Civ. P. 12(b)(6) is GRANTED with respect to Counts

13

One and Two and DENIED with respect to Counts Three, Four, Six,
and Seven of the Complaint.  Count 5 of the Complaint is
DISMISSED sua sponte.  The Meringolo Defendants' Motion for
Sanctions (Docket #9) is deferred until the conclusion of this
suit on the merits.  The Clerk of the Court is directed to
terminate Defendant Angelo Cuomo as a party to this action.

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:      New York, New York
            July 3/, 2010

14